## George T. Jarvis, Receiver, etc., v. George W. Drake.

1. NEGLIGENCE—*Of Switchmen in Making Running Switches.*— When a running switch is to be made by an employe of a railroad company, it is his duty to try the switch and see that there is nothing to prevent it from working properly, before signaling the engine to come ahead; and his failure to do so, without justifiable cause, is negligence *per se* on his part and precludes a recovery.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding. Heard in this court at the February term, 1901. Reversed, with a finding of facts. Opinion filed September 4, 1901.

Kramer, Creighton & Shaeffer, attorneys for appellant.

F. C. Smith and M. Millard, attorneys for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action in case, in the City Court of East St.

Louis, by appellee against appellant, to recover for a personal injury. Trial by jury. Verdict and judgment in favor of appellee for $1,999.

The declaration charges that appellee was in the service of appellant as switchman; that appellant allowed a certain switch to be out of repair and in a defective condition, by means whereof appellee, while endeavoring to throw such switch, was made to slip and fall, whereby his right hand was caught and run over by the wheels of a moving car, resulting in the loss of the fingers of his hand.

The testimony is very conflicting and directly contradictory as to whether the switch was in fact out of repair or in any respect defective, but the testimony tends to show that on some occasions it would throw hard, and if it was not kept oiled, or dirt was allowed to accumulate between the rails, these conditions would make it harder to throw, and that on the occasion of the injury there was some "sand or stuff" between the rails, and that appellee had to push so hard to move the switch that his feet slipped out from under him and his hand slipped off the lever, causing him to fall with his hand across the rail.

Appellee was a switchman and had been in that service for sixteen years, and had been in the service of appellant as a helper on a switching crew in East St. Louis for four or five months immediately prior to and up to the time of the injury complained of, and was fully acquainted with the duties and dangers of his position.

The evidence conclusively shows that the making of a running switch, such as was being made when appellee was injured, is always attended with danger; that there is no time for examination of a switch after the engine has passed; that the operation of a switch is always liable to be obstructed by the falling or blowing of cinders, bits of coal, pebbles, sand or dirt into the space between the switch-rail and the track-rail, or by the formation of ice or the hardening of oil in cold weather; that such obstructions either prevent it from working at all, or make it hard or difficult to work; that some of these conditions are liable to occur or

be present at any time, and that it is always, when a running switch is to be made, the duty of a switchman to try the switch and see that there is nothing 'to prevent it from " working properly," before signaling the engine to come ahead; that such was the duty of appellee on the occasion of his injury; and that on this occasion appellee went to his place at the switch, gave the signal to come ahead," to make the run," and that before signaling for the engine to come ahead " to make the run," appellee did not try the switch or make any effort or attempt to discover whether the switch was in a condition to " work properly " or not, but wholly and without justifiable excuse neglected this important duty. This was negligence *per se* on his part, which contributed directly to his injury. In such case there can be no recovery.

The judgment of the Circuit Court is reversed.

**Finding of Facts.**—We find that George W. Drake, appellee, was not in the exercise of ordinary care and caution for his own safety at the time and on the occasion of the injury complained of, and that he was guilty of negligence which contributed to such injury.